IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| KELLY BRYAN-THARPE, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | 1:15CV272 |
|  | ) |  |
| NANCY A. BERRYHILL[1], | ) |  |
| Acting Commissioner of | ) |  |
| Social Security, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**ORDER**

The Recommendation of the United States Magistrate Judge [Doc. #13] was filed with the Court in accordance with 28 U.S.C. § 636(b) and, on July 29, 2016, was served on the parties in this action. Plaintiff Kelly Bryan-Tharpe filed Objections to the Magistrate Judge's Recommendation within the time limits prescribed by 28 U.S.C. § 636. [Doc. # 15].

The Court has appropriately reviewed the portions of the Magistrate Judge's Recommendation to which objection is made and has made a de novo determination in accord with the Magistrate Judge's thoroughly reasoned report. As the Magistrate Judge explained, "following Mascio [v.

---

[1]On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security. She is, therefore, substituted as Defendant in this matter. See Fed. R. Civ. P. 25(d).

Colvin, 780 F.3d 632 (4th Cir. 2015)], federal district courts in the Fourth Circuit have split on whether a restriction to non-production work adequately accounts for moderate limitations in [concentration, persistence, or pace]." (Recommendation at 9-10.) However, not only does the Magistrate Judge's review of case law (see id. at 10-19) support the conclusion that, in this case, such a restriction is sufficient, but, so, too, does a comparison of the underlying facts of many district court cases within the Fourth Circuit, (see, e.g., Ross v. Colvin, No. TMD 15-1146, 2016 WL 4364146 (D. Md. Aug. 16, 2016) (affirming); Scruggs v. Colvin, No. 3:14-cv-00466-MOC, 2015 WL 2250890 (W.D.N.C. May 12, 2015) (remanding)), with those of Bryan-Tharpe's case.

This case is distinguishable from those where the courts have concluded that a limitation to simple, routine, repetitive tasks in a non-production environment does not account for a claimant's moderate limitations in concentration, persistence, or pace. Here, for example, the ALJ recognized that Bryan-Tharpe testified that she had trouble concentrating and focusing, but that she also enjoyed doing crossword puzzles, which, according to the ALJ, would require more than a basic level of concentration and focus. (Tr. 24.) Both state agency psychological

-2-

consultants, whose opinions as to Bryan-Tharpe's mental residual functional capacity the ALJ afforded great weight (id. at 25), opined that Bryan-Tharpe was moderately limited in her ability to carry out detailed instructions, to maintain attention and concentration for extended periods, and to complete a normal workday and workweek without interruptions from psychologically based symptoms and perform at a consistent pace without an unreasonable number and length of rest periods (id. at 95, 118).

On the other hand, they opined that she was not significantly limited in her ability to carry out very short and simple instructions, to perform activities without a schedule, maintain regular attendance, and be punctual within customary tolerances, to sustain an ordinary routine without special supervision, to work in coordination with or in proximity to others without being distracted by them, and to make simple work-related decisions. (Id. at 95, 118.) When asked to explain in narrative form the sustained concentration and persistence limitations they had previously indicated, both consultants stated, "Claimant would be able to maintain attention and concentration for two hours at a time as required for the performance of simple tasks at a non rapid pace." (Id. at 95-96, 118.)

The ALJ determined that Bryan-Tharpe's "mental impairments" resulted mainly from her physical impairments and situational stressors such as family illness and financial issues. (Id. at 24.) When the ALJ asked the vocational expert the ever-important hypothetical, the ALJ included the following, "The individual would be further limited to simple, routine, repetitive-type tasks and finally needs to avoid production work or similar fast-paced jobs with deadlines and quotas." (Id. at 57.)

While on its face the limit in the residual functional capacity to a non-production environment mirrors some restrictions found to be insufficient, the context within which the ALJ developed the non-production environment restriction here supports that, in this case, such a restriction does account for Bryan-Tharpe's moderate limitations in concentration, persistence, and pace.

Finally, a review of the record also supports the ALJ's affording the Physical Residual Functional Capacity Questionnaire from Bryan-Tharpe's treating physician little weight, as the Magistrate Judge explained. Therefore, the Court adopts the Magistrate Judge's Recommendation.

**IT IS THEREFORE ORDERED** that the Commissioner's decision finding no disability is affirmed, that Plaintiff's Motion for Judgment on the

-4-

Pleadings [Doc. # 9] is denied, and that the Commissioner's Motion for Judgment on the Pleadings [Doc. # 11] is granted.  A Judgment dismissing this action will be entered contemporaneously with this Order.

This the 14th day of March, 2017.

/s/ N. Carlton Tilley, Jr.
Senior United States District Judge